# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN THARP, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>ACACIA COMMUNICATIONS, INC., MURUGESAN SHANMUGARAJ, and JOHN F. GAVIN,<br><br>                      Defendants. | No. 17-cv-11504-WGY<br>(LEAD DOCKET)<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT** |
| KAREN COLGAN, Derivatively on Behalf of ACACIA COMMUNICATIONS, INC.,<br><br>                      Plaintiff,<br><br>   v.<br><br>MURUGESAN SHANMUGARAJ, BENNY P. MIKKELSEN, JOHN F. GAVIN, FRANCIS J. MURPHY, BHUPENDRA C. SHAH, CHRISTIAN J. RASMUSSEN, MEHRDAD GIVEHCHI, VINCENT T. ROCHE, STAN J. REISS, ERIC A. SWANSON, PETER Y. CHUNG, and JOHN RITCHIE,<br><br>                      Defendants,<br><br>   and<br><br>ACACIA COMMUNICATIONS, INC.,<br><br>                      Nominal Defendant. | No. 17-cv-12350-WGY |

[Caption continued on next page.]

| | |
|---|---|
| JONATHAN WONG, Derivatively on Behalf of ACACIA COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MURUGESAN SHANMUGARAJ, JOHN F. GAVIN, BENNY P. MIKKELSEN, FRANCIS J. MURPHY, BHUPENDRA C. SHAH, CHRISTIAN J. RASMUSSEN, MEHRDAD GIVEHCHI, ERIC A. SWANSON, STAN J. REISS, PETER Y. CHUNG, JOHN RITCHIE, and VINCENT T. ROCHE, <br><br> Defendants, <br><br> and <br><br> ACACIA COMMUNICATIONS, INC., <br><br> Nominal Defendant. | No. 17-cv-12550-WGY |
| SANDRA FARAH-FRANCO and RUSSELL GOURLEY, Derivatively on Behalf of Nominal Defendant ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MURUGESAN SHANMUGARAJ, BENNY P. MIKKELSEN, PETER Y. CHUNG, STAN J. REISS, JOHN RITCHIE, VINCENT T. ROCHE, ERIC A. SWANSON, JOHN F. GAVIN, MEHRDAD GIVEHCHI, FRANCIS J. MURPHY, CHRISTIAN J. RASMUSSEN, and BHUPENDRA C. SHAH, <br><br> Defendants, <br><br> and <br><br> ACACIA COMMUNICATIONS, INC., <br><br> Nominal Defendant. | No. 1:18-cv-10465-WGY |

# **[PROPOSED] FINAL ORDER AND JUDGMENT**

This matter came before the Court for hearing on December 19, 2018, pursuant to an Order of this Court, dated September 17, 2018 (the "Preliminary Approval Order"), on the application of Plaintiffs for final approval of the proposed Settlement set forth in the Stipulation and Agreement of Settlement, Compromise and Release, dated as of September 14, 2018 (the "Stipulation"), and Plaintiffs' Counsel's application for an award of attorneys' fees and expenses.  Due and adequate notice having been given of the Settlement as required in the Preliminary Approval Order, and the Court having considered all papers filed and evidence in support of the proposed Settlement, and attorneys for the respective Parties having been heard, and an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and all terms used in this Judgment and not otherwise defined herein shall have the same meanings set forth in the Stipulation and/or Preliminary Approval Order.

2. For purposes of effectuating the Settlement, the Court has jurisdiction over the subject matter of the derivative lawsuits, captioned *Colgan v. Shanmugaraj*, No. 1:17-cv-12350 (D. Mass.), *Wong v. Shanmugaraj*, No. 1:17-cv-12550 (D. Mass.), and *Farah-Franco v. Shanmugaraj*, No. 1:18-cv-10465 (D. Mass.) (the "Federal Actions"), and over all Parties to the Federal Actions, including all stockholders of Acacia Communications, Inc. ("Acacia" or the "Company").

3. The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Acacia stockholders of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses; (iv) their right to object to any aspect of the Settlement or the motion for attorneys' fees and expenses; and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Acacia and its stockholders. This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Defendants, Acacia, and its stockholders. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Settlement.

5. Judgment shall be, and hereby is, entered dismissing the Federal Actions with prejudice, on the merits, and without taxation of costs in favor of or against any Party except as otherwise provided in the Stipulation or in the Judgment.

6. Upon the Effective Date, Plaintiffs and each and every other Acacia Stockholder, derivatively on behalf of Acacia, and Acacia directly, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs' Claims against the Released Defendants and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement, or resolution of the Actions against the Released Defendants, and shall be forever enjoined from prosecuting the Released Plaintiffs' Claims.

7. Upon the Effective Date, Defendants, Acacia, and each of the other Released Defendants shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendants' Claims against the Released Plaintiffs and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the prosecution, settlement, or resolution of the Actions against the Released Plaintiffs, and shall be forever enjoined from prosecuting the Released Defendants' Claims.

8. Notwithstanding ¶¶6-7 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. The Parties have engaged in extensive arms-lengths negotiations, as per the Court's directive, on the attorneys' fees and expense award and have reached an agreed fee award of $690,633.00 and an agreed expense award of $34,367.00. Accordingly, Plaintiffs' Counsel are hereby awarded attorneys' fees of $690,633.00, and an expense award of $34,367.00, which the Court finds to be fair and reasonable. Payment of such award shall be made to Plaintiffs' Counsel by Defendants in accordance with the Stipulation.

10. Plaintiffs are hereby awarded incentive payments of $2,500.00 for each of the Plaintiffs (Karen Colgan, Sandra Farah-Franco, Russell Gourley, Jonathan Wong, and Gary Silberberg) in recognition of their efforts in initiating and prosecuting the Actions. This amount shall be paid from the amount of attorneys' fees received by Plaintiffs' Counsel in connection with the award of attorneys' fees provided for in ¶9 above.

11. Any appeal of or challenge affecting this Court's orders regarding any application for attorneys' fees and expenses or incentive payments shall be considered separate from the Court's final approval of the Settlement, and shall in no way disturb or affect the finality of the Judgment finally approving the Settlement.

12. Neither this Judgment, the Settlement, the Stipulation, nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession or admission by: (a) any of the Defendants or any of the Released Defendants as to the validity of any claims, causes of action or other issues that were, might be, or have been raised in the Actions, or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) any of the Plaintiffs as to the infirmity of any claim or the validity of any defense, or to the amount of any damages.

13. Notwithstanding ¶12 above, any of the Released Persons may file this Judgment or the Stipulation or any other order of the Court related hereto in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. In addition, nothing contained in ¶12 above shall prevent the Settlement and this Judgment (or any agreement or

order relating thereto) from being used, offered, or received in evidence in any proceeding to enforce or otherwise effectuate the Settlement (or any agreement or order relating thereto) or this Judgment.

14. The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that during the course of the Federal Actions, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties and Acacia stockholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement.

17. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of the Company and its stockholders in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. There is no reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 21st day of January, 2019.

    */s/ Geoffrey M. Johnson*
GEOFFREY M. JOHNSON (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44118
Telephone: (216) 229-6088
Facsimile:  (860) 537-4432
gjohnson@scott-scott.com

*Co-Lead Counsel for Plaintiffs Karen Colgan, Sandra Farah-Franco, and Russell Gourley*